ROBERT J. MAGINNIS AND RICHARD E. MELLO, APPELLANTS, v. STATE OF NEVADA, RESPONDENT.

No. 8436

March 22, 1977                                   561 P.2d 922

*Richard J. Legarza,* Winnemucca, for Appellant, Maginnis; *William Dunseath,* Public Defender, and *David Parraguirre,* Deputy Public Defender, Washoe County, for Appellant, Mello.

*Robert List,* Attorney General; *Larry R. Hicks,* District Attorney, and *Kathleen Wall* and *Donald Coppa,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellants contend we must reverse their conviction by jury of first degree murder because of (1) the admission of statements made by one appellant implicating the other in the crime, (2) the admission of a witness's testimony given before a

grand jury, (3) the State's failure to comply with a discovery order, and (4) the admission of the victims' photographs. We disagree.

1. In the presence of each other and other witnesses, each appellant made extra judicial out-of-custody statements wherein each discussed the homicides in detail and implicated the other as well as himself. The district court, ruling the statements were adoptive admissions pursuant to NRS 51.035(3)(a) & (b),[1] permitted the witnesses to testify about the conversations. Relying on Bruton v. United States, 391 U.S. 123 (1968), each appellant contends the other's statements are inadmissible against him. However, *Bruton* involved a co-defendant's confession made to a third party outside the presence of the defendant, not adoptive admissions, and is therefore inapposite. Further, we are not here faced with a post-arrest or custodial situation where one has no duty to speak and, indeed, has the constitutional right to remain silent. See: Vipperman v. State, 92 Nev. 213, 547 P.2d 682 (1976). Instead, the statements were made in a private conversation in a private home and were of such a nature that, in ordinary experience, dissent would have been expected if the communications were incorrect. Under similar circumstances, it was held in People v. Preston, 508 P.2d 300 at 304 (Cal. 1973):

> If a person is accused of having committed a crime, under circumstances which fairly afford him an opportunity to hear, understand, and to reply, and which do not lend themselves to an inference that he was relying on the right of silence guaranteed by the Fifth Amendment to the United States Constitution, and he fails to speak, or he makes an evasive or equivocal reply, both the accusatory statement and the fact of silence or equivocation may be offered as an implied or adoptive admission of guilt.

2. Appellants next assert as error the admission of prior testimony given before a grand jury by a witness who testified

---

[1]NRS 51.035(3)(a) & (b) provide: " 'Hearsay' means a statement offered in evidence to prove the truth of the matter asserted unless:

"3. The statement is offered against a party and is:

"(a) His own statement, in either his individual or a representative capacity;

"(b) A statement of which he has manifested his adoption or belief in its truth; . . ."

at trial. Testimony given before a grand jury is not excludable as hearsay pursuant to NRS 51.035(2)(d).[2] Further, ". . . the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." California v. Green, 399 U.S. 149, 158 (1970).

3.   Appellants next contend the State's failure to provide discovery in accordance with a court order constitutes reversible error. The record disclosed the State's non-compliance was neither willful nor deliberate, and the court took appropriate action pursuant to NRS 174.295 to protect appellants from any prejudice.[3] Under these circumstances, we perceive no error.

4.   Appellants finally contend the district court erred by admitting into evidence colored photographs of the victims. The photographs were properly admitted because they aided in the ascertainment of truth and their probative value outweighed any prejudicial effect. Scott v. State, 92 Nev. 552, 554 P.2d 735 (1976); Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976); Allen v. State, 91 Nev. 78, 530 P.2d 1195 (1975).

Affirmed.[4]

---

[2]NRS 51.035(2)(d) provides: " 'Hearsay' means a statement offered in evidence to prove the truth of the matter asserted unless:

"2.   The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

"(d) A transcript of testimony given under oath at a trial or hearing or before the grand jury; . . ."

[3]NRS 174.295 provides: "If, subsequent to compliance with an order issued pursuant to NRS 174.235 to 174.295, inclusive, and prior to or during trial, a party discovers additional material previously requested or ordered which is subject to discovery or inspection under such sections, he shall promptly notify the other party or his attorney or the court of the existence of the additional material. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with such sections or with an order issued pursuant to such sections, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances."

[4]MR. JUSTICE THOMPSON voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge Stanley A. Smart to participate in this case.