MICHAEL DEWAYNE DORSEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12073

December 30, 1980                              620 P.2d 1261

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

A jury found Michael Dewayne Dorsey guilty of arson. NRS 205.010. He was sentenced to fifteen years in the Nevada State Penitentiary.

Appellant specifies a number of errors: (1) hearsay evidence was improperly introduced; (2) evidence of prior bad acts was improperly introduced; (3) possibly exculpatory evidence of other arsons in the area was excluded; (4) the verdict is not supported by substantial evidence. We disagree and affirm.

### THE FACTS

Late in the evening of November 25, 1977, a molotov cocktail type device was thrown against the home of Cleveland Powe. The bomb landed below the bedroom window of his daughters, Andrea and Jacqueline, who were both home at the time. Alerted by Jacqueline, the elder Powe extinguished the flames; he then hid behind the drapes of the window and waited to see if the arsonist would return. Approximately one half C249 SECTION 3 OF 6 VV7 SIZE 166.6 CLC 167 hour later appellant approached the Powe home and inspected the device. When confronted by Powe, appellant fled. He was charged by way of an information with the arson.

The state introduced, over objection, evidence which connected appellant with a number of prior inculpatory acts. These acts arose after the end of a relationship between appellant and Andrea Powe. They included an incident when appellant took ten dollars from Andrea Powe's purse in October, 1976, and his plea of guilty to making harassing phone calls in

late 1976 and early 1977, to the Powe residence. Hearsay evidence also implicated the appellant in an April, 1977, fire at the Powe's residence. Appellant offered a number of alibi witnesses who testified as to appellant's whereabouts the night of the November firebombing.

## THE HEARSAY EVIDENCE

A long-time friend of appellant, Glenda Pinckney, testified that in May, 1977, she asked appellant whether he burned down the Powe house in April, 1977. He replied: "I'm not saying." Two witnesses, Jacqueline Powe and Wilma Harris, testified that Pinckney told them appellant actually said he had burned down the Powe house and he was going to burn it down again. This evidence was introduced as the prior inconsistent statement of Pinckney.

To be admissible, both appellant's and Pinckney's statements must be excepted from the hearsay rule. NRS 51.365. Either version of what appellant said is admissible. Maginnis v. State, 93 Nev. 173, 561 P.2d 922 (1977); Fish v. State, 92 Nev. 272, 549 P.2d 338 (1976); NRS 51.035(3)(a). A prior inconsistent statement of a witness need not be given under oath to be admissible as substantive evidence in this state; in this respect, we differ from Fed. R. Evid. § 801(d)(1) after which NRS 51.035(2)(a) is patterned. *See* Bein, Prior Inconsistent Statements: The Hearsay Rule, 801(d)(1)(A) and 803(24), 26 U.C.L.A. L. Rev. 967, 968, n.2 (1979). Therefore, the testimonies did not violate the hearsay rule.

## THE PRIOR INCULPATORY ACTS

Appellant argues that even if admissible as non hearsay, evidence linking him to the April fire must be excluded under NRS 48.045(2)[1]. However, evidence of a prior act of misconduct is admissible under the plan exception of this statute; the evidence must ". . . tend to prove the defendant's commission of the charged crime by showing that the defendant planned to commit it." Cirillo v. State, 96 Nev. 489, 492, 611 P.2d 1093,

---

[1]NRS 48.045(2):

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

1095 (1980). Appellant's inculpatory statement to Pinckney satisfies the evidentiary standard of Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966). Since the trial judge did not abuse his discretion in determining that the probative value outweighed the prejudicial effect, the ruling will not be disturbed on appeal. Seim v. State, 95 Nev. 89, 590 P.2d 1152 (1979).

It was error to admit evidence of the other two prior acts of misconduct. Taking ten dollars from Andrea Powe's purse over a year before the fire is not relevant to the charge of arson; testimony indicated the money belonged to appellant. While the harassing phone calls indicate appellant's illwill toward the Powes, the impermissible effect was to portray appellant as one likely to commit other offenses. Nester v. State of Nevada, 75 Nev. 41, 334 P.2d 524 (1959). However, since the evidence against appellant was overwhelming, we deem the error harmless. Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977); Drummond v. State, 86 Nev. 4, 462 P.2d 1012 (1970).

## THE OTHER ARSONS IN THE VICINITY

Appellant attempted to introduce evidence of other arsons in the same vicinity which occurred in 1976. While it is true that an accused may show that another committed the crime for which he is tried, more than mere conjecture is required. State v. Larsen, 415 P.2d 685 (Idaho 1966). It was not error for the trial judge to determine the testimony was conjecture. *Compare* Case v. State, 555 P.2d 619 (Okla.Crim. 1976), *cert. denied,* 431 U.S. 965 (1977).

## THE SUBSTANTIAL EVIDENCE

Finally, appellant suggests that there is no substantial evidence in the record to support the jury verdict. We do not agree. The jury is the sole and exclusive judge of the credibility of the witnesses and the weight to be given their testimonies; a jury verdict will not be overturned if there is sufficient evidence in the record to substantiate the verdict. King v. State, 87 Nev. 537, 490 P.2d 1054 (1971). Appellant was seen one half hour after the firebombing inspecting the container thrown against the Powe residence; he moved the container at that time to where it was found by the arson inspectors. While appellant

offered alibi witnesses, their testimony differed regarding crucial time periods. There is substantial evidence to support the jury verdict. The judgment of conviction is affirmed.

GUNDERSON, MANOUKIAN, and BATJER, JJ., and FONDI, D. J.,[2] concur.