John Henry EPPS, Appellant,

v.

STATE of Iowa, Appellee.

No. 89-2470.

United States Court of Appeals,
Eighth Circuit.

Submitted March 27, 1990.

Decided May 2, 1990.

Michael J. Burdette, Des Moines, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

John Henry Epps, a black Iowa prisoner serving a life sentence for felony murder, appeals from a final judgment entered in the District Court[1] for the Southern Dis-

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa. Judge O'Brien is also the Chief Judge of

trict of Iowa denying his 28 U.S.C. § 2254 petition. *Epps v. Iowa*, No. CIVIL 88–22–E (S.D.Iowa July 12, 1989) (order) (judgment was entered July 17, 1989). For reversal Epps argues the district court erred in concluding that (1) he was not denied a fair and impartial jury of his peers by a change of venue to a county having almost no black residents and (2) he was not denied effective assistance of counsel by trial counsel's failure to object to improper prosecutorial comments during closing argument. For the reasons discussed below, we affirm the judgment of the district court.

Epps (who was then 23) and his younger brother were charged with the murder of Thomas McNally, an 87–year–old white man who died in July 1980 as a result of injuries he sustained during the burglary of his home. Because of extensive pretrial publicity, defense counsel moved for a change of venue from Black Hawk County; he asked that venue be changed to another county with a black population and recommended Polk County or Scott County. Without mentioning the racial issue, the state trial court changed the venue to Howard County. Defense counsel objected to the change of venue as prejudicial to the defense, based on his personal knowledge that very few, if any, non-white minorities resided there.[2]

Over this objection, Epps's jury trial was held in Howard County. No physical evidence connected Epps to the crime. The sole eyewitness was the victim's 86–year–old wife, who testified she saw two black men in very dim light for about three minutes. Mrs. McNally described the men as being in their early twenties and under six feet tall, similar in size and age, with dark shiny skin and no facial hair. Defense counsel presented evidence that on the night of the burglary Epps had a beard and that Mrs. McNally had given inconsistent descriptions of the clothing the men wore and had failed to pick out Epps's picture from a photo lineup. Epps did not testify.

During closing argument the prosecutor commented, without a defense objection, that (1) Epps had failed to visibly react when Mrs. McNally pointed to him in the courtroom, (2) Epps had a prior felony conviction, and (3) although the defense questioned the prosecution's failure to call a particular witness, the defense had the same subpoena power and none of the witnesses Epps called testified as to his whereabouts on the night of the offense.

On direct appeal from the conviction, different counsel asserted, inter alia, that trial counsel was ineffective for failing to object to the prosecutorial comments regarding the absence of alibi witnesses. Appellate counsel argued this failure compromised Epps's right to remain silent and allowed the state to shift to Epps the burden of proving his innocence. The conviction was affirmed. *State v. Epps*, 322 N.W.2d 288 (Iowa 1982).

Epps subsequently filed an application for post-conviction relief claiming, inter alia, constitutional error in the change of venue to a county with no black population and in the ensuing jury selection process, ineffective assistance of trial counsel for not offering evidence of Howard County's racial composition in his objection and not objecting to the prosecutorial comments regarding alibi witnesses, and ineffective assistance of appellate counsel for not raising on direct appeal issues regarding venue, jury composition, and the related ineffectiveness of trial counsel.

The post-conviction trial court ordered a new trial on the ground that trial counsel was ineffective for not objecting to the prosecutor's comments regarding Epps's felony record, the lack of reaction to Mrs. McNally's in-court identification of him, and the absence of alibi evidence (the latter two of which the court characterized as comments upon Epps's failure to testify). The state appealed, and the Iowa Supreme Court reversed in an unpublished per cu-

---

the United States District Court for the Northern District of Iowa.

**2.** At a later hearing on Epps's application for post-conviction relief, 1980 census data was introduced showing Howard County had a population of 11,114 persons, only 3 of whom were black.

riam opinion, stating "[w]e summarily dispose of the first two grounds [failure to object to prosecutorial comments about Epps's felony record and lack of reaction to the in-court identification] because they were raised by the court sua sponte; they were not asserted in Epps's post-conviction application as required by our statute. *See* Iowa Code § 663A.4." *Epps v. State*, No. 87–230, slip op. at 2 [418 N.W.2d 354 (Table) ] (Iowa Nov. 25, 1987) (statutory quotation omitted) (*reported at* 418 N.W.2d 354) (table). The state supreme court considered and rejected on the merits the failure to object to the "alibi" comments, viewing them not as comments on Epps's failure to testify but as a permissible response to defense counsel's argument. *Id.* at 3.

In January 1988 Epps filed a pro se habeas petition. After appointing counsel, and conducting a hearing on the merits, the district court denied habeas relief and this appeal followed.

■ We are troubled by the state trial court's decision (despite the alleged availability of reasonable alternatives) to change venue to a county with such a small black population that there was virtually no chance that any black persons would be included on the venire. Nonetheless, we are unaware of any authority to support a conclusion that Epps's constitutional rights were thereby violated. *See Mallett v. State*, 769 S.W.2d 77 (Mo.1989) (banc) (rejecting similar claim based on equal protection and due process), *cert. denied sub nom. Mallett v. Missouri*, — U.S. —, 110 S.Ct. 1308, 1309, 108 L.Ed.2d 484 (1990) (Marshall & Brennan, J.J., dissenting) (unjustified transfer of venue to county with no inhabitants of defendant's race violated fundamental equal protection rights under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)). Even if we were to conclude that such a change of venue resulted in an equal protection violation, we could not say that conclusion was dictated by precedent existing at the time Epps's conviction became final in 1982, and thus we would be announcing a new rule of constitutional law which would be inapplicable to this case on habeas review. *See*

*Butler v. McKellar*, — U.S. —, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990); *Saffle v. Parks*, — U.S. —, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

■ Turning to the claim that trial counsel was ineffective for failing to object to the prosecutor's comments regarding Epps's felony record and lack of reaction to the in-court identification, we find that the Iowa Supreme Court "clearly and expressly" stated its summary disposition of these two points rested on a state procedural bar. Epps has shown no cause for this default, and federal habeas review is therefore precluded. *See Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). In any event, we agree with the district court that trial counsel was not ineffective for failing to object because the comments in question were not improper. The record indicates that the felony record was first revealed, as a tactical choice, by defense counsel in closing argument. We cannot say that the reference to Epps's failure to react was calculated to call attention to Epps's failure to testify, nor that the jury would necessarily take it as a comment on his failure to testify. *See United States v. Montgomery*, 819 F.2d 847, 853 (8th Cir.1987).

■ As to the claim that counsel was ineffective for not objecting to the prosecutor's comments on Epps's failure to present alibi witnesses, there was no procedural default. Epps argues the comments implied that if he had alibi evidence, including his own testimony, he would have produced it, and that the failure to testify was a concession of guilt. The district court found, however, that in the context of statements referring to witnesses not called by the prosecution, the defense's subpoena power, and defense witnesses actually produced, the comments were clearly directed to the evidence presented, not to Epps's failure to testify. We agree with the district court that these comments were not objectionable and therefore were not a basis for an ineffective assistance claim.

Accordingly, the judgment of the district court is affirmed.