An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN CHARLES COLEMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63440

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

On appeal from the denial of his petition filed on February 2, 2011, and his supplemental petition filed on April 25, 2012, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11384

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel was ineffective for failing to move to dismiss his case based on the excessive pre-indictment delay and violation of his right to a speedy trial.[1] Appellant fails to demonstrate that actual, nonspeculative prejudice resulted from the delay or that the State intentionally delayed filing a complaint to gain a tactical advantage, *see Wyman*, 125 Nev. at 600-01, 217 P.3d at 578; *see also United States v. Gouveia*, 467 U.S. 180, 192 (1984), therefore appellant fails to demonstrate that trial counsel's performance was deficient or that he was prejudiced.[2] Accordingly, the district court did not err in denying this claim.

Second, appellant argues that his trial counsel was ineffective for failing to object to numerous instances of prosecutorial misconduct committed in the State's closing argument. Appellant fails to demonstrate deficiency or prejudice. The district court found that trial counsel made a conscious, strategic decision not to object to some of the comments so as not to call further attention to the comments. The district court further found that an objection to any of the comments, some of which the district court found were not improper, would not have altered the result of the

---

[1]We note that any delay between the commission of an offense and an indictment is generally limited by statutes of limitations. *United States v. Lovasco*, 431 U.S. 783, 789 (1977); *Wyman v. State*, 125 Nev. 592, 600 n.3, 217 P.3d 572, 578 n.3 (2009).

[2]To the extent that appellant urges us to re-evaluate the standard set forth in *Wyman*, we decline to do so.

trial.[3] The district court's factual findings are supported by substantial evidence, and we agree with the district court's determinations and conclude that it did not err by denying these claims. *See Bussard v. Lockhart*, 32 F.3d 322, 324 (8th Cir. 1994) (observing that decision whether to object to prosecutorial misconduct is a strategic one and "must take into account the possibility that the court will overrule it and that the objection will either antagonize the jury or underscore the prosecutor's words in their minds"); *Epps v. State*, 901 F.2d 1481, 1483 (8th Cir. 1990) (explaining that prosecutor's comments that were not objectionable could not be a basis for an ineffective-assistance claim based on counsel's failure to object).

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[3]We note our decision in appellant's appeal, *Coleman, Jr. v. State*, Docket No. 54622 (Order of Affirmance, April 8, 2010), in which we concluded that "significant independent evidence of guilt—including the victim's testimony and DNA evidence—exists to support appellant's conviction."

cc:    Hon. Elliott A. Sattler, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk