An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JIM BASS HOLDEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61362

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

On appeal from his August 23, 2008, petition, appellant claims that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). The United States Supreme Court has recognized

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15502

"that counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*, 466 U.S. at 690). Further, the presumption is that the actions of counsel reflect trial tactics rather than sheer neglect. *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 790 (2011). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that trial counsel was ineffective for advising appellant to testify, which allowed his prior convictions and his journal to be admitted at trial. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant was informed at trial that it was his decision to testify. At the evidentiary hearing, trial counsel testified that he and appellant had numerous discussions about whether appellant should testify and that trial counsel did not push him either way. Further, appellant's testimony was the only way to inform the jury that appellant was afraid for the lives of his wife and child, which could have attacked the integrity of his confession. Moreover, appellant fails to demonstrate that there was a reasonable probability of a different outcome at trial had he not testified. We note that there was overwhelming evidence of appellant's guilt without the introduction of his prior convictions and the journal. Therefore, the district court did not err in denying this claim.

Second, appellant claims that trial counsel was ineffective for mentioning his prior conviction for first-degree murder during his opening statement. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant was canvassed by the district court prior to counsel giving his opening statement as to whether appellant approved of his trial counsel's decision to inform the jury that he had previously been convicted of murder. Appellant told the district court that he approved. Further, appellant fails to demonstrate that there was a reasonable probability of a different outcome at trial had counsel not informed the jury of appellant's prior convictions given the overwhelming evidence of appellant's guilt. Therefore, the district court did not err in denying this claim.

Third, appellant claims that trial counsel was ineffective for failing to request a limiting instruction prior to the introduction of his journal, which referenced other bad acts. Appellant fails to demonstrate that he was prejudiced. While a limiting instruction was not given at the time the evidence was introduced, a limiting instruction was given to the jury at the close of evidence. Further, appellant fails to demonstrate that there was a reasonable probability of a different outcome at trial had counsel requested a limiting instruction prior to the admission of the other bad acts given the overwhelming evidence of appellant's guilt. Therefore, the district court did not err in denying this claim.

Fourth, appellant claims that trial counsel was ineffective for conceding appellant's guilt during voir dire and closing arguments. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced because the record reveals that trial counsel did not

concede appellant's guilt during voir dire or closing arguments. Therefore, the district court did not err in denying this claim.

Fifth, appellant claims that trial counsel should have requested an instruction on "use" liability for the deadly weapon enhancement where it is a co-conspirator who used the weapon and not the defendant. Appellant fails to demonstrate that he was prejudiced. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had trial counsel requested an instruction on "use" liability because of the overwhelming evidence at trial that appellant was the one who shot the victim. Therefore, the district court did not err in denying this claim.

Sixth, appellant claims that trial counsel should have objected to instruction 21, which related to co-conspirator liability, because it did not clearly set forth specific intent. Specifically, appellant claims that the jurors may have concluded that if they thought appellant intended to commit the crime of extortionate collection of a debt, they could find him guilty of murder without finding that he had the specific intent to commit murder. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. Jury instruction 21 correctly sets forth the law for co-conspirator liability, *Bolden v. State*, 121 Nev. 908, 922, 124 P.3d 191, 200-01 (2005) *overruled on other grounds by Cortinas v. State*, 124 Nev. 1013, 1021, 195 P.3d 315, 320 (2008), and counsel is not deficient for failing to make futile objections. *Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Further, appellant fails to demonstrate a reasonable probability of a different outcome at trial had trial counsel objected. Appellant was found guilty of conspiracy to commit murder which means

that the jury necessarily found that he intended to commit murder.[1] Therefore, the district court did not err in denying this claim.

Seventh, appellant claims that trial counsel was ineffective for failing to object to the State's argument in closing regarding second-degree felony murder. Further, he claimed that trial counsel should have objected to the State's argument that "if Smokey did it and there's evidence that [appellant] conspired with Smokey, he's guilty."[2] First, although it appears that the State made an argument regarding second-degree felony murder, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel objected because the jury found appellant guilty of first-degree murder. Second, the statement relating to Smokey was a correct statement of the law regarding conspiracy because appellant is liable for the murder if appellant conspired with Smokey to commit the murder even if Smokey carried out the murder. *Bolden*, 121 Nev. at 922, 124 P.3d at 200-01. Therefore, the district court did not err in denying this claim.

Eighth, appellant claims that trial counsel was ineffective for failing to object to the State's argument during closing that appellant was no longer entitled to the presumption of innocence. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. This claim is belied by the record. Trial counsel did object and the district

---

[1]We note that appellant was not charged with conspiracy to extortionately collect a debt.

[2]Smokey is Jerry Salas, appellant's co-conspirator. Hereinafter he will be referred to as Smokey.

court asked that the State rephrase. Further, appellant fails to demonstrate a reasonable probability of a different outcome at trial had trial counsel made further argument regarding the objection given the overwhelming evidence of appellant's guilt. Therefore, the district court did not err in denying this claim.

Ninth, appellant claims that trial counsel was ineffective for failing to object to the State's improper argument during closing. Specifically, appellant claims that the State improperly invoked God when it used the phrase "God only knows." Further, appellant claims that the State told the jury that being blindfolded "is the only way you would be able to follow the story that the defendant told you," which mocked his defense. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. As to the "God only knows" comments, appellant fails to demonstrate that this was improper and trial counsel should have objected because it was used as a turn of phrase and was not invoking God. *See Epps v. State*, 901 F.2d 1481, 1483 (8th Cir. 1990) (explaining that prosecutor's comments that were not objectionable could not be a basis for an ineffective-assistance claim based on counsel's failure to object). Further, appellant fails to demonstrate that there was a reasonable probability of a different outcome at trial had trial counsel objected to either of the statements. Therefore, the district court did not err in denying this claim.

Tenth, appellant claims that trial counsel was ineffective for failing to investigate and fully raise a *Miranda* issue. *Miranda v. Arizona*, 384 U.S. 436 (1966). Specifically, appellant claims that when he was first approached by Las Vegas Metropolitan Police Department officers he

refused to speak to them and requested an attorney. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. Trial counsel did argue a motion to suppress the confession based on a *Miranda* violation and appellant fails to demonstrate that further investigation or argument would have changed the outcome of the hearing on the motion. Appellant's invocation after the Las Vegas Metro Police Department officers spoke to him was scrupulously honored; later he was again fully informed of his *Miranda* rights, and he told the police he was willing to talk to them. *See Dewey v. State*, 123 Nev. 483, 490-91, 169 P.3d 1149, 1153-54 (2007). Further, the district court determined that appellant was not credible when he claimed that he told the police officers that he wanted an attorney. Therefore, the district court did not err in denying this claim.

Eleventh, appellant claims that trial counsel was ineffective for failing to present expert and lay testimony regarding the reliability of appellant's statements to the police. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. Trial counsel attempted to present an expert on false confessions, but the district court did not allow it because the testimony that appellant may have falsely confessed to protect his family was not an area of scientific inquiry. This court affirmed that decision on appeal. *Holden v. State*, Docket No. 47698 (Order of Affirmance, October 17, 2007). Appellant argues that had trial counsel actually had the expert speak with appellant and view the videotape of his confession, the expert would have been allowed to testify. Trial counsel testified at the evidentiary hearing that he did not have the expert review the confession videotape or interview appellant because he

was afraid her conclusion would be that appellant did not falsely confess and he wanted her to only testify in general about false confessions. This was a reasonable trial strategy and the district court did not err in denying this claim.

Twelfth, appellant claims that trial counsel was ineffective for failing to present an expert witness regarding the effects of methamphetamine use and how that may have affected the voluntariness of appellant's confession. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. Appellant had an evidentiary hearing but failed to produce an expert regarding methamphetamine use and how that may have affected his confession. Therefore, because appellant failed to carry his burden to demonstrate ineffective assistance, the district court did not err in denying this claim.

Thirteenth, appellant claims that trial counsel was ineffective for failing to present other available evidence that showed a reasonable basis for appellant's fear. Specifically, appellant claims that trial counsel could have presented evidence that appellant was married and had a child, that one of the State's witnesses was afraid of Smokey, and that there were inconsistencies between appellant's version and the witness' version of events. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant fails to explain how evidence that appellant was married and had a child could have been admitted absent appellant's testimony. Further, trial counsel did inquire of the witness as to whether she was afraid of Smokey and trial counsel highlighted some of the inconsistencies between appellant's version and the witness' version of events during cross-examination and closing

arguments. Moreover, appellant fails to demonstrate a reasonable probability of a different outcome at trial had trial counsel further pointed out that the witness was afraid of Smokey or if trial counsel pointed out more inconsistencies given the overwhelming evidence of appellant's guilt. Therefore, the district court did not err in denying this claim.

Next, appellant claims that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. 668, 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that appellate counsel was ineffective for failing to argue that the district court erred by admitting the journal at trial because it was more prejudicial than probative. Appellant failed to demonstrate that this claim had a reasonable probability of success on appeal. The journal included admissions that appellant committed the

crime and contradicted statements that appellant made while on the stand. While it did inculpate appellant in the crimes, it was not unfairly prejudicial. *See* NRS 48.035(1) (providing that relevant evidence is inadmissible if "its probative value is substantially outweighed by the danger of *unfair* prejudice" (emphasis added)); *State v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 267 P.3d 777, 781 (2011) (explaining that "unfair" prejudice refers to a decision based on an improper basis, such as emotion or bias). Further, some of the more inflammatory passages were not admitted at trial. Therefore, the district court did not err in denying this claim.

Second, appellant claims that appellate counsel was ineffective for failing to argue that the State's closing argument was improper. Appellant fails to demonstrate that this claim had a reasonable probability of success on appeal. As discussed previously, the State's arguments were not improper, and therefore, would not have been reversible error. Thus, the district court did not err in denying this claim.

Third, appellant claims that appellate counsel was ineffective for failing to argue that Amy Hatzenpillar's testimony that Smokey stated "they took care of what they had to take care of," was inadmissible hearsay. Appellant fails to demonstrate that this claim had a reasonable probability of success on appeal. The statement was admitted, over the objection of trial counsel, on the grounds that it was an adoptive admission. Because appellant was in the room when the statement was made and it was a statement that it would be expected that appellant would dissent from, the statement was properly admitted at trial as an adoptive admission. *Maginnis v. State*, 93 Nev. 173, 175, 561 P.2d 922,

SUPREME COURT
OF
NEVADA

(O) 1947A

923 (1977); NRS 51.035(3)(b). Therefore, the district court did not err in denying this claim.

Fourth, appellant claims that appellate counsel was ineffective for failing to argue that appellant's confession should have been suppressed because of a *Miranda* violation. Appellant fails to demonstrate that this claim had a reasonable probability of success on appeal. As discussed previously, there was no *Miranda* violation and the district court concluded that appellant was not credible. Therefore, the district court did not err in denying this claim.

Finally, appellant claims that the cumulative errors of trial and appellant counsel entitle him to relief. Appellant fails to demonstrate that any alleged errors by counsel, singly or cumulatively, would have had a reasonable probability of altering the outcome at trial or on appeal. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

cc: Hon. Carolyn Ellsworth, District Judge
Karen A. Connolly, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk