# IN THE SUPREME COURT OF THE STATE OF NEVADA

KODY W. HARLAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80318

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, robbery with the use of a deadly weapon, and accessory to murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Kody Harlan raises six contentions on appeal.

First, appellant argues that the district court should have severed his trial from his codefendant Jaiden Caruso because the State relied on testimony about Caruso's statements planning a robbery and acknowledging that he committed a robbery and murder. Severance is appropriate "only if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002). Contrary to appellant's assertion, Caruso's statements implicating him in planning and carrying out the robbery and murder would have been admissible in a separate trial. *See* NRS 51.035(3)(e) (providing that "[a] statement by a coconspirator of a party during the course and in furtherance of the conspiracy" does not constitute hearsay). Both appellant and Caruso were charged with murder

22-05360

and robbery with the use of a deadly weapon under the theories that they participated as principals, aided and abetted in the crimes, and conspired to commit the crimes. And Caruso's statements indicating that he and appellant murdered and robbed someone would have been admissible as they were made in appellant's presence and were of such a nature that "dissent would have been expected if the communications were incorrect." *Maginnis v. State*, 93 Nev. 173, 175, 561 P.2d 922, 923 (1977) (recognizing that both an accusatory statement implicating a defendant and that defendant's silence, where not relying on the Fifth Amendment, may be offered as an adoptive admission of guilt); *see* NRS 51.035(3)(b) (providing that an adoptive admission of a party does not constitute hearsay). Therefore, the district court did not abuse its discretion in denying the motion to sever. *See Chartier v. State*, 124 Nev. 760, 763-64, 191 P.3d 1182, 1184-85 (2008) (reviewing denial of motion to sever for abuse of discretion).

Second, appellant argues that, pursuant to *Garner v. State*, 116 Nev. 770, 6 P.3d 1013 (2000), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002), the district court should have sua sponte instructed the jury that it needed to find appellant engaged in an overt act in furtherance of the conspiracy and that appellant could not be found guilty based on his mere presence during the crime. We discern no plain error. *See Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996) ("Failure to object or to request an instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect a defendant's right to a fair trial."); *see also Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (providing that plain error is shown by demonstrating clear error that affected a defendant's substantial rights). Appellant did not demonstrate that the district court

erred in not issuing either instruction. The State was not required to prove that appellant committed an overt act in furtherance of the conspiracy to convict appellant under that theory of liability. *Moore v. State*, 117 Nev. 659, 662, 27 P.3d 447, 450 (2001). Additionally, the "mere presence" instruction was not supported by the evidence at trial. *See Allen v. State*, 97 Nev. 394, 398, 632 P.2d 1153, 1155 (1981) ("The test for the necessity of instructing the jury is whether there is any foundation in the record for the defense theory."). Testimony showed that appellant discussed a robbery with Caruso, transported the victim to the location where he was killed, and rifled through the victim's pockets after the shooting. *See Garner*, 116 Nev. at 780, 6 P.3d at 1020 ("Conduct occurring after a crime may be relevant to proving the commission of the crime."). Law enforcement also apprehended appellant after a high-speed chase ending in a car accident and a foot chase. Under these circumstances, appellant has not demonstrated that the absence of these instructions was so patently prejudicial that the district court was required to give them to protect his right to a fair trial.

Third, appellant argues that the prosecutor argued facts not in evidence when he attributed a codefendant's words to appellant. *See Williams v. State*, 103 Nev. 106, 110, 734 P.2d 700, 703 (1987) ("A prosecutor may not argue facts or inferences not supported by the evidence."). We disagree because the challenged comments are supported by the examination of the witness to whom they were attributed. Therefore, the district court's failure to address the comments did not amount to plain error. *See Jeremias*, 134 Nev. at 50, 412 P.3d at 48.

Fourth, appellant argues that the district court erred in permitting improper hearsay. We discern no abuse of discretion. *See Fields v. State*, 125 Nev. 785, 795, 220 P.3d 709, 716 (2009) (reviewing district

court's hearsay determination for abuse of discretion). Appellant's and Caruso's statements contemplating robbery constituted statements against interest under NRS 51.345 and statements of a party opponent under NRS 51.035(3)(a), and therefore were not inadmissible hearsay. Although the witness heard about Caruso and appellant's conversation from another individual who did not testify at trial, her testimony indicated that she also personally overheard the conversation.

Fifth, appellant argues that the district court erred in denying a defense motion for a mistrial based on a witness mentioning the defendants' involvement in uncharged conduct (being in possession of a stolen car). We disagree. The prosecution did not elicit the witness's brief mention that the defendants drove a stolen car,[1] and after a brief discussion with counsel, the district court admonished the jury to disregard any allegation that the car was stolen. *See Carter v. State*, 121 Nev. 759, 770, 121 P.3d 592, 599 (2005) ("A witness's spontaneous or inadvertent references to inadmissible material, not solicited by the prosecution, can be cured by an immediate admonishment directing the jury to disregard the statement." (internal quotation marks omitted)); *see also Glover v. Dist. Ct.*, 125 Nev. 691, 727, 220 P.3d 684, 708 (2009) (Cherry, J., dissenting) ("Curative instructions present a particularly strong alternative to a mistrial given that, as this court has stated numerous times, we presume that a jury will follow jury instructions."). We therefore conclude the district court did not abuse its discretion in denying the motion for a mistrial. *See*

---

[1]During Detective Wayne Nichols' cross-examination about why forensic examiners did not analyze the victim's wallet, Nichols stated that further analysis was not considered crucial because the wallet had been found "in the stolen Mercedes in the back seat."

*McKenna v. State*, 114 Nev. 1044, 1055, 968 P.2d 739, 746 (1998) (reviewing the denial of a motion for a mistrial for an abuse of discretion).

Sixth, appellant argues that the district court erred in denying the motion for a new trial based on juror misconduct in considering the testimony about uncharged conduct involving the stolen car. "A jury's failure to follow a district court's instruction is intrinsic juror misconduct," *Valdez v. State*, 124 Nev. 1172, 1186, 196 P.3d 465, 475 (2008), which, "only in extreme circumstances[,] will . . . justify a new trial," *Meyer v. State*, 119 Nev. 554, 565, 80 P.3d 447, 456 (2003). Testimony by a juror about the effect of anything on the jury's deliberative process is generally not admissible to impeach a verdict. NRS 50.065(2). Nevertheless, the district court held an evidentiary hearing to determine the extent to which the jury followed the district court's instructions regarding the uncharged conduct testimony. The testimony in that hearing established that any discussion of the stolen vehicle during deliberations was brief because the foreperson immediately admonished the jurors that they could not consider whether the car was stolen, per the court's instructions. *See Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (presuming that the jurors follow the district court's instructions). Accordingly, the district court did not abuse its discretion in denying the motion. *See Meyer*, 119 Nev. at 561, 80 P.3d at 453 (reviewing the denial of a motion for a new trial based on juror misconduct for an abuse of discretion).

Seventh, appellant argues that cumulative error warrants reversal. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008) (providing the relevant factors to consider for a claim of cumulative error). Appellant has not demonstrated the existence of any error. Thus, there is nothing to cumulate. *See Lipsitz v. State*, 135 Nev. 131, 139 n.2, 442 P.3d

138, 145 n.2 (2019) (concluding that errors did not cumulate as there was only one error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:    Chief Judge, Eighth Judicial District Court
       Department 3, Eighth Judicial District Court
       Jean J. Schwartzer
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk