## JIMMIE LEE DRUMMOND AND BILLY RAY RILEY, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 5898

January 5, 1970                    462 P.2d 1012

*James D. Santini,* Public Defender, and *H. Leon Simon,* and *Jeffrey Sobel,* Deputy Public Defenders, Clark County, for Appellants.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *George H. Spizzirri,* and *Addeliar D. Guy,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Drummond and Riley were convicted of robbery. On this direct appeal they contend that their Sixth Amendment right to be confronted with the witnesses against them was violated when the trial court allowed the State to offer in evidence, over appropriate objection, the testimony of the robbery victim given at the preliminary examination. We are asked to void their convictions and remand for another trial since a violation of this fundamental constitutional right cannot be deemed harmless error. Messmore v. Fogliani, 82 Nev. 153, 156, 413 P.2d 306 (1966).

The defendants were represented by counsel at their preliminary examination, and counsel cross-examined the victim at that time. When trial occurred in the district court the victim was not present to testify. No pretrial effort was made by the State to compel his attendance [NRS 174.395 et seq.—Uniform Act to secure the attendance of out-of-state witnesses] although his out-of-state address and presence there were known at that time. The State presented its case in chief and then requested a continuance in order to secure the presence of the victim-witness. Defense counsel stipulated to a continuance.[1] He also wanted the victim to testify and to subject him

---

[1]Since the continuance was by stipulation we are not concerned with the State's failure to satisfy the requirements of District Court Rule 21 in seeking a continuance. See: Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969); Rainsberger v. State, 76 Nev. 158, 160, 350 P.2d 995 (1960).

to searching cross-examination. However, defense counsel made it clear that he would object to any effort by the State to use the preliminary transcript of the victim's testimony should he not appear at the time to which the trial was continued.

The court continued the trial for 12 days and admonished the prosecutor to utilize the Uniform Act to compel the victim's attendance. The witness was not present when the trial resumed. He had not been subpoenaed. The witness told an investigator for the State that he would be present, and the investigator made transportation arrangements for him. The prosecutor also utilized the Uniform Act, but the out-of-state authorities were unable to locate the witness at that time. Within this framework the trial court permitted the State to read the preliminary transcript of the victim's testimony into evidence.

1.  The right granted an accused by the Sixth Amendment to confront the witnesses against him, which includes the right of cross-examination, is fundamental to a fair trial and obligatory on the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400 (1965). Our decision in Messmore v. Fogliani, supra, rested squarely upon the doctrine proclaimed in Pointer since, in each case, there was a total preclusion of the right to confront a material witness and to cross-examine him through counsel. The witness was not cross-examined by counsel at the preliminary hearing in either of those cases. The case at hand is different than Pointer and Messmore in two respects. First, defense counsel did cross-examine the victim-witness at the preliminary examination. Second, the witness, at the time of trial, resided in another state. Whether these distinguishing factors are meaningful within the context of the record before us presents the issue of this appeal.

2.  In Pointer, supra, the United States Supreme Court, in dictum, noted a situation that would not fall within the scope of the rule of confrontation stating, "The case before us would be quite a different one had Phillips' statement been taken at a full fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." Id. at 407. The meaning which state courts are to accord that dictum is diluted in the light of a later opinion of the High Court, Barber v. Page, 390 U.S. 719 (1968), wherein it was noted, "Moreover, we would reach the same result on the facts of this case had petitioner's counsel actually cross-examined Woods at the preliminary hearing.

See: Motes v. United States, 178 U.S. 458 (1900). The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial. While there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause where the witness is shown to be actually unavailable, this is not, as we have pointed out, such a case." Id. at 725, 726.

The quoted language of the Pointer and Barber cases is reconcilable. We read those observations of the High Court to mean that the transcript of the testimony of a material witness given at the preliminary examination may be received in evidence at the trial if three preconditions exist: first, that the defendant was represented by counsel at the preliminary hearing; second, that counsel cross-examined the witness; third, that the witness is shown to be actually unavailable at the time of trial. In the case before us the first two preconditions are met, and we turn to consider whether the third precondition, actual unavailability at the time of trial, is shown by the record.

3. The relevant part of NRS 171.198(7) allows the preliminary transcript to be used at trial if the witness is sick, dead, out of the state, or when his personal attendance cannot be had in court. Here, the witness was out of the state and the narrow issue is whether it can fairly be concluded that his "personal attendance cannot be had in court." This, of course, was the question posed in Barber v. Page, supra. In that case the witness was incarcerated in a federal penitentiary. His attendance could have been compelled either by resort to the Uniform Act to secure his attendance, or by the use of a writ of habeas corpus ad testificandum. The State made no effort to employ either procedure. The court held that the witness was not "unavailable" for the purpose of the exception to the confrontation requirement since the State had not made a good faith effort to obtain his presence at trial.

The Barber ruling was given retroactive application the following year in Berger v. California, 393 U.S. 314 (1969). In Berger the witness was in another state. An investigator for

the prosecutor had contacted relatives of the witness, but not the witness himself. However, two telegrams were apparently received from the witness, but the prosecutor did not serve him with subpoena. The conviction was set aside since the witness was not shown to be "unavailable."

Berger controls the case at bar. Indeed, this case is a stronger one for the application of the doctrine announced in Barber v. Page since the State's investigator had been in contact with the witness before trial, knew of his residence out of state and his presence there. No effort was made to compel his attendance. Of course, after the court granted a continuance, the prosecutor unsuccessfully utilized the Uniform Act. That effort, however, was at the direction of the court and does not obliterate the initial failure to secure the attendance of the witness for trial when it commenced. Accordingly, we must conclude that the trial court erred in allowing use of the preliminary transcript at trial.[2]

4. The State contends that if error occurred, it was harmless. The doctrines of Pointer and Barber concern substantive due process and, as noted, are given retrospective application. Accordingly, we have heretofore ruled that where there is a total preclusion of the right to confront a material witness and to cross-examine him through counsel, the doctrine of harmless error may not be considered. An automatic reversal is mandated. Messmore v. Fogliani, supra. In the case before us, however, the witness was cross-examined by defense counsel at the preliminary examination, and to this extent is different than Messmore. We must decide whether this difference will allow us to evaluate the error in the context of this case and the federal standard of harmless error proclaimed in Chapman v. California, 386 U.S. 18 (1967).

In Guyette v. State, 84 Nev. 160, 438 P.2d 244 (1968), we suggested that the rule of harmless error might be utilized in proper circumstances when any of the new procedural safeguards as expressed in Mapp v. Ohio, 367 U.S. 643 (1961); Griffin v. California, 380 U.S. 609 (1965); Escobedo v. Illinois, 378 U.S. 478 (1964); Miranda v. Arizona, 384 U.S. 436 (1966), and Gilbert v. California, 388 U.S. 263 (1967), are breached. Id. at 166. That suggestion rested mainly on the proposition that the constitutional doctrines of those cases were

---

[2]The right of confrontation may be waived by the failure to object to the use of the preliminary transcript, People v. Pike, 455 P.2d 776 (Cal. 1969), or by stipulation, Pook v. Fitzharris, 396 F.2d 544 (9 Cir. 1968). Neither occurred here.

not given retrospective application for the reason that a violation might occur without necessarily affecting the fundamental fairness of the trial. In contrast, we noted in that opinion that automatic reversal occurs in those cases in which substantive due process is denied the defendant and the constitutional doctrine violated is accorded retrospective significance. Id. at 166, footnote 1. In the light of our expressions in Guyette it would appear that we must reverse these convictions since the constitutional violation involved concerns substantive due process and is given retrospective effect.

However, in 1968 the High Court decided Harrington v. California, 395 U.S. 250, which concerned a violation of the Bruton doctrine.[3] There, the Court ruled that the violation was harmless beyond a reasonable doubt. Thus, Harrington erodes, to some degree, our analysis in Guyette since it permits consideration of harmless error in a case where the constitutional doctrine violated has been given retrospective effect. Since Harrington and the case before us each concern the Confrontation Clause we conclude that it is permissible for us to review the records and decide whether the constitutional error is harmless beyond a reasonable doubt.

In this case the evidence establishing the guilt of Drummond and Riley is overwhelming. Police officers actually observed the robbery in process and apprehended the robbers as they ran from the scene. Within this factual setting the transcribed testimony of the victim-witness given at preliminary examination and read into evidence at trial was insignificant. Indeed, that witness could not identify the robbers since they had placed paper bags with peepholes over their heads. If the error considered by the Court in Harrington v. California, supra, was harmless, a fortiori the mistake in this case must be so treated.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[3]Bruton v. United States, 391 U.S. 123 (1968), held that the use, against Bruton, of a confession of a codefendant, violated the Confrontation Clause of the Sixth Amendment.