*918 OPINION
By the Court,
Rose, J.:

FACTS

A jury convicted appellant Marritte Funches of the first-degree murder of Kevin Jones. The facts presented to the jury were as follows: On the night of March 27, 1991, Funches and his codefendant, Edward Shafer, entered Jones’s taxicab outside the Circus Circus Casino in Reno. Funches sat in the back seat behind Jones, and Shafer sat in the front seat. Funches requested Jones to drive them to Stead, Nevada. When Jones refused unless he received his money first, Funches placed a handgun to Jones’s head and shot him.
After a secret witness led police to Shafer, Shafer fully implicated Funches in the murder. The State charged Funches with first-degree murder and being an ex-felon in possession of a firearm. At first, the police did not criminally charge Shafer; he was the State’s primary witness at Funches’ preliminary hearing. Shafer’s testimony placed Funches at the scene of the crime, identified Funches as the person who shot Jones, and provided significant crime details. Upon cross-examination at the preliminary hearing, Shafer denied any involvement in the murder, asserting complete ignorance as to Funches’ possession of a gun that night and the potential occurrence of any crime.
The State reinterrogated Shafer in January 1992, a month before Funches’ scheduled trial date. At that time, Shafer admitted that he knew Funches had a gun with him that night and that Funches wanted to rob the cab driver. Shafer stated that the cab driver gave him money at Funches’ insistence, but he denied knowing that Funches would shoot the cab driver. After this statement, the State charged Shafer with robbery and first-degree murder on a felony-murder theory.
The district court joined Shafer’s and Funches’ cases for trial. At trial, the district court permitted the State to introduce Shafer’s preliminary hearing testimony by reading it to the jury. The jury acquitted Shafer of robbery and first-degree murder. However, the jury convicted Funches of first-degree murder and being an ex-felon in possession of a firearm. Funches was sentenced to two consecutive terms of life imprisonment without the *919 possibility of parole for first-degree murder with use of a deadly weapon and to a concurrent six years of imprisonment for being an ex-felon in possession of a firearm.
Thereafter, Funches made a motion for new trial based upon newly discovered evidence from a jailhouse informant, Kenneth Viser, who stated that Shafer admitted to him that he (Shafer) had shot the cab driver. The district court denied the motion. Then, Funches made a second motion for new trial also based upon newly discovered evidence. Funches presented another jailhouse informant, Charles Fritsche, who overheard the conversation between Viser and Shafer when Shafer admitted to killing Jones. The district court granted the motion for new trial, determining that there was a reasonable probability of a different result if the jury heard the conflicting evidence.
The story does not end there, however, because the State then filed a motion to reconsider the order granting a new trial supported by the testimony of its own jailhouse informant, Stephen Kingsley, who was allegedly with Funches on the day Funches learned that the district court had granted his motion for new trial. Funches supposedly “danced on cloud nine” proclaiming that he and his partner, Shafer, had pulled a scam on the court. Because Shafer had been acquitted of first-degree murder, jeopardy attached and he could not be retried. Thus, Shafer’s claim that he killed the cab driver would result in an acquittal for Funches upon retrial and perhaps a one to six year sentence for perjury for himself.
Upon hearing Kingsley’s statement, the district court issued an order rescinding its previous order granting the new trial. Funches filed a petition for writ of mandamus with this court, and after this court vacated both of the district court’s orders, the district court entered a new order denying Funches’ second motion for new trial. In this order, the district court reasoned that it does not matter if Shafer shot the cab driver because Funches would still be culpable of first-degree murder on a felony-murder theory. Appellant timely appealed his conviction to this court.

DISCUSSION

Witness/defendant unavailability to testify

Funches contends that the district court erred in admitting Shafer’s preliminary hearing testimony at their joint trial. Funches argues that the statutory requirements governing the admission of preliminary hearing testimony set forth in NRS 171.198(6)(b) were not met. Specifically, Funches claims that Shafer was not unavailable under the terms of the statute because he was in court as a defendant and asserting his Fifth Amendment privilege. Funches cites Lemberes v. State, 97 Nev. 492, 634 *920 P.2d 1219 (1981), and LaPena v. State, 96 Nev. 43, 604 P.2d 811 (1980), in support of his position.
NRS 171.198(6)(b) codifies the former testimony exception to the hearsay rule. It provides that preliminary hearing testimony may be used:
By the state if the defendant was represented by counsel or affirmatively waived his right to counsel, upon the trial of the cause, and in all proceedings therein, when the witness is sick, out of the state, dead, or persistent in refusing to testify despite an order of the judge to do so, or when his personal attendance cannot be had in court.
(Emphasis added.) Although NRS 171.198(6)(b) does not impose a cross-examination requirement for the admissibility of such testimony at a criminal trial, this court imposed such a requirement in Drummond v. State, 86 Nev. 4, 7, 462 P.2d 1012, 1014 (1970), stating:
[T]he transcript of the testimony of a material witness given at the preliminary examination may be received in evidence at the trial if three preconditions exist: first, that the defendant was represented by counsel at the preliminary hearing; second, that counsel cross-examined the witness; third, that the witness is shown to be actually unavailable at the time of trial.
Accord Anderson v. State, 109 Nev. 1150, 865 P.2d 331 (1993); Aesoph v. State, 102 Nev. 316, 721 P.2d 379 (1986). Thus, there are three elements necessary before a witness’s preliminary hearing testimony may be admitted as evidence at trial: (1) the defendant must have counsel to represent him at the preliminary hearing; (2) counsel cross-examined the witness; and (3) the witness is actually unavailable at trial. Drummond, 86 Nev. at 7, 462 P.2d at 1014.
On appeal, Funches contends that the third factor, the unavailability of Shafer, was not satisfied in the instant case in light of this court’s holdings in LaPena v. State, 96 Nev. 43, 604 P.2d 811 (1980), and Lemberes v. State, 97 Nev. 492, 634 P.2d 1219 (1981).
In LaPena, a State’s witness, Weakland, refused to testify at trial claiming to have no recollection. LaPena, 96 Nev. at 47, 604 P.2d at 812. The district court “ruled Weakland unavailable as a witness because he was ‘persistent in refusing to testify,’ NRS 51.055(1)(b), and admitted his preliminary hearing testimony *921 under the former testimony exception to the hearsay rule, NRS 51.325.” Id. at 45, 604 P.2d at 813. In LaPena, this court held that when admitting preliminary hearing testimony of an unavailable witness, the grounds for unavailability are governed by the specific provisions of NRS 171.198(6)(b) (formerly NRS 171.198(7)) and not the more general provisions of the evidence code. This court stated that NRS 171.198(6)(b) deals “specifically with the subject at issue [and] prevails over the general evidence code provision.” Id. Accordingly, this court remanded the case to the district court for its determination of the admissibility of Weakland’s testimony under NRS 171.198(6)(b).
In Lemberes, this court reversed the convictions of two Sparks city councilmen, Peter Lemberes and James Vernon, stemming from their alleged attempt to bribe a fellow councilman to vote against a gaming license for a truck stop. Lemberes, 97 Nev. 492, 634 P.2d 1219. Appellants raised the issue of whether the preliminary hearing testimony of Ronald Averett, Vernon’s superior at the time the alleged bribery occurred, was properly admitted at trial. Id. at 498, 634 P.2d at 1222. Upon review, this court stated:
At the time of trial, Averett testified in open court, out of the presence of the jury, stating his intention to claim the privilege of the Fifth Amendment with regard to all matters upon which he had testified at the preliminary examination. He then refused to answer the specific questions from the preliminary examination as propounded to him by counsel. The trial court thereupon permitted portions of the previous testimony to be read to the jury. The state has conceded that under LaPena v. State, 96 Nev. 43, 604 P.2d 811 (1980), it was error for the district court to admit such testimony. The state argues, however, that LaPena should be overruled, or, alternatively, that Averett’s testimony did not incriminate appellants. We are not persuaded by either of these contentions.
Id. Thus, this court affirmed the State’s concession that it was error to admit Averett’s testimony under LaPena. The Lemberes court reiterated that “in LaPena we held that it was error for the district court to admit preliminary hearing testimony under the general evidence code provisions governing admission of prior testimony, NRS 51.325, and unavailability, NRS 51.055(1)(b), rather than abiding by the specific requirement of NRS 171.198(7) governing admission of preliminary hearing testimony as substantive evidence in a criminal trial.” Id. Thus, LaPena and Lemberes have stood for the proposition that NRS 171.198(6)(b) is to be strictly construed to determine whether a witness is unavailable for the purpose of admitting his or her preliminary hearing testimony.
*922 The instant case presents a unique circumstance in that Shafer was a codefendant at trial but a witness at the preliminary hearing who was subject to cross-examination at that time. We conclude that the first two factors enunciated in Drummond and NRS 171.198(6)(b) are met. It is clear from the record that Funches was represented by counsel at his preliminary hearing and that Funches’ counsel cross-examined Shafer. However, as the parties point out, whether Shafer was unavailable within the meaning of NRS 171.198(6)(b) is at issue. As stated above, unavailability under this statute is “when the witness is sick, out of the state, dead, or persistent in refusing to testify despite an order of the judge to do so, or when his personal attendance cannot be had in court.” NRS 171.198(6)(b). Yet, Shafer’s unavailability at trial was not due to any of the enumerated reasons, but due to his invocation of the Fifth Amendment.[1] Nevada has codified this prohibition in NRS 50.115(4), which states that “the prosecution may not call the accused in a criminal case.” Here, Shafer did not choose to testify, and the State could not call him as a witness because he was a defendant.
Having reviewed our previous decisions in LaPena and Lemberes and being faced with the peculiar facts of this case, we are persuaded that we have construed NRS 171.198(6) too narrowly and erred in not considering the additional grounds of unavailability set forth in NRS Chapters 50 and 51. NRS 171.198(6) and the case law governing the use of prior testimony are designed to ensure that the earlier testimony is reliable and the declarant truly unavailable. While it may appear that the definition of unavailability in NRS 171.198(6) is inclusive, this and prior cases dealing with the issue of witness unavailability demonstrate that the statute does not cover a number of situations where a defendant is effectively “unavailable” to testify. In some situations a witness can determine the admissibility of earlier testimony by how the witness asserts or creates his or her unavailability. By looking only to NRS 171.198(6) to determine witness unavailability, we have provided some witnesses or defendants with a sword to strike down prior reliable testimony, and this obstructs the search for truth rather than advancing it.
We hereby overrule our previous holdings in LaPena and Lemberes. We conclude that in addition to the specific grounds for unavailability enumerated in NRS 171.198(6), the district *923 court may also consider NRS 51.055,[2] which defines unavailability, and the more general provisions of the evidence code when determining a witness’s unavailability in order to admit the witness’s preliminary hearing testimony at trial. In the instant case, Shafer was not unavailable within the meaning of NRS 171.198(6)(b). However, Shafer was unavailable to testify due to NRS 50.115(4) because as a defendant, the prosecution could not call him as a witness. Because Shafer was unavailable under NRS 50.115(4), we conclude that Shafer was unavailable for the purposes of admitting his preliminary hearing testimony at trial and that the district court correctly admitted the prior testimony.

Motion for new trial

Funches also contends on appeal that the district court abused its discretion in denying his second motion for new trial. He argues that the district court employed the wrong standard of review. Specifically, Funches asserts that the district court based its decision upon an erroneous belief that it was unnecessary to find that Funches actually shot Kevin Jones because if he was a participant to the robbery, he would be equally culpable under the felony murder rule. We disagree.
A district court may grant a new trial on the ground of newly discovered evidence. NRS 176.515(1). The grant or denial of a new trial on this ground is within the trial court’s discretion and will not be reversed on appeal absent its abuse. Sanborn v. State, 107 Nev. 399, 406, 812 P.2d 1279, 1284 (1991). To establish a basis for a new trial on this ground, the evidence must be: newly discovered; material to the defense; such that even with the *924 exercise of reasonable diligence it could not have been discovered and produced for trial; non-cumulative; such as to render a different result probable upon retrial; not only an attempt to contradict, impeach, or discredit a former witness, unless the witness is so important that a different result would be reasonably probable; and the best evidence the case admits. Id.
In its order denying Funches’ second motion for new trial, the district court stated:
[T]he new evidence as presented by the defendant is insufficient to satisfy the standard for granting a new trial as articulated in Pacheco v. State, 81 Nev. 639 (1965). Further, the jury could properly find Mr. Funches guilty of First Degree Murder either under the theory of Felony Murder Rule or under a premeditated theory. Thus, the evidence presented by the defense in their Motion for New Trial would not satisfy the Pacheco standard.
Therefore, I do not believe it is critical that I find beyond a reasonable doubt that Mr. Funches or Mr. Shaefer committed the murder. But I must find beyond a reasonable doubt that it was a murder committed in a willful, deliberate, and premeditated manner, or in the perpetration of a felony. I do not believe from all of the evidence, contradictory and otherwise, that any jury, based upon the evidence that would be presented in this case, would find that this murder was not a murder committed during the perpetration of a robbery.
The district court clearly found that the newly discovered evidence was insufficient to require a new trial and specifically cited the case that sets forth the quantum of evidence necessary to grant a new trial. Unfortunately, it also opined that the evidence at trial would have been sufficient to convict Funches of felony murder.[3] However, the district court considered all the newly discovered evidence, was well aware of the burden placed on a defendant seeking a new trial and expressly held that Funches did not meet that burden. We conclude that the district court did not err in denying Funches’ second motion for a new trial. We affirm the judgment of conviction and the district court’s order denying the motion for new trial.
*925 Young and Maupin, JJ., concur.

 “No person . . . shall be compelled in any criminal case to be a witness against himself.” U.S. Const, amend. V.

 NRS 51.055 states:
1. A declarant is “unavailable as a witness” if he is:
(a) Exempted by ruling of the judge on the ground of privilege from testifying concerning the subject matter of his statement;
(b) Persistent in refusing to testify despite an order of the judge to do so;
(c) Unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or
(d) Absent from the hearing and beyond the jurisdiction of the court to compel appearance and the proponent of his statement has exercised reasonable diligence but has been unable to procure his attendance or to take his deposition.
2. A declarant is not “unavailable as a witness” if his exemption, refusal, inability or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose or preventing the witness from attending or testifying.

 Funches was charged in the information with premeditated first degree murder, and Shafer was charged with felony murder. The jury instructions pertaining to murder dealt with Shafer and Funches separately. The instructions specifically pertaining to Funches dealt with premeditated, deliberate murder, and Shafer’s instructions concerned only felony murder. The evidence tending to establish felony murder implicated both Funches and Shafer, but the jury acquitted Shafer of the felony murder charge. The instructions and jury verdicts certainly indicate that the jury rejected the felony murder theory and convicted Funches on premeditated, deliberate first degree murder.