**134 Nev., Advance Opinion 13**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JENNIFER P. TOGLIATTI, DISTRICT
JUDGE,
Respondents,
   and
JEFFREY LYNN BAKER,
Real Party in Interest.

No. 71621

**FILED**

MAR 01 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a pretrial motion to admit testimonial evidence in a criminal prosecution.

*Petition granted.*

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Dena I. Rinetti and Ryan J. MacDonald, Deputy District Attorneys, Clark County,
for Petitioner.

Philip J. Kohn, Public Defender, and Mike Feliciano, Deputy Public Defender, Clark County,
for Real Party in Interest.

BEFORE THE COURT EN BANC.

## *OPINION*

By the Court, STIGLICH, J.:

At issue in this petition is a defendant's Sixth Amendment right to confront a witness who testifies against him. In *Chavez v. State*, we held that when a witness testifies against a defendant at a preliminary hearing but subsequently becomes unavailable to testify at trial, the witness's prior testimony is admissible at trial so long as the defendant had "an adequate opportunity" to cross-examine the witness at the preliminary hearing. 125 Nev. 328, 337, 213 P.3d 476, 482 (2009). The question presented in this petition is whether a defendant had "an adequate opportunity" to cross-examine a witness when, immediately after the State's direct examination at the preliminary hearing, the defendant waived his right to continue the preliminary hearing. We answer in the affirmative because the Confrontation Clause guarantees an *opportunity* to cross-examine; it does not bestow upon defendants a sword to strike adverse testimony that the defendant declined to contest.

## *FACTS AND PROCEDURAL HISTORY*

Real party in interest Jeffrey Baker stands accused of one count of sexually motivated coercion and eight counts of lewdness with a child under the age of 14. At the preliminary hearing, Baker's cousin, C.J., testified in detail regarding two instances in which Baker attempted to engage her in sexual activity. The first instance occurred when C.J. was 11 years old; the second when she was 13. Baker was well into his 20s on both occasions.

During the preliminary hearing, when C.J. finished testifying, the justice court said, "All right. Cross." Instead of beginning cross-examination, Baker's attorney asked for the court's indulgence as he conferred off the record with the prosecutor. He then announced: "Today pursuant to negotiations, Mr. Baker will unconditionally waive his preliminary hearing. In district court he'll plead guilty to one count of attempt[ed] lewdness with a minor." After canvassing Baker, the justice court accepted his unconditional waiver of the remainder of the preliminary hearing.

At the district court arraignment two weeks later, Baker presented his signed guilty plea agreement. The court questioned Baker as to whether he understood the consequences of pleading guilty; he indicated that he did. Then the court asked if Baker was pleading guilty because he in fact attempted to commit a lewd act upon C.J. Baker equivocated before answering in the negative: "It's not true." The court rejected Baker's guilty plea and ordered the State to prepare an amended information reinstating the original charges.

One week later, C.J. committed suicide. The State moved to admit at trial the transcript of C.J.'s testimony at the preliminary hearing. The district court denied the motion, finding that Baker did not have an adequate opportunity to cross-examine C.J. at the preliminary hearing. The State challenges that order in the present writ petition.

## DISCUSSION

*We exercise our discretion to consider the State's petition*

"[B]ecause a writ of mandamus is an extraordinary remedy, the decision to entertain a petition for the writ lies within our discretion."

*Gonzalez v. Eighth Judicial Dist. Court*, 129 Nev. 215, 217, 298 P.3d 448, 449-50 (2013). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011). The writ is appropriate when "there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. Because the State cannot appeal a final judgment in a criminal case, *see* NRS 177.015(3), the State has no remedy in law to challenge the district court's evidentiary ruling. *See Armstrong*, 127 Nev. at 931, 267 P.3d at 780. We therefore exercise our discretion to consider the State's petition.

*The Confrontation Clause does not prohibit the admission of C.J.'s testimony*

The State argues that the district court arbitrarily and capriciously exercised its discretion when it denied the State's motion to admit C.J.'s testimony from the preliminary hearing. For the reasons set forth below, we agree.

The Confrontation Clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In accordance with that right, prior testimony from a witness unavailable at trial is admissible only if the defendant had "a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

In *Chavez v. State*, we held "that a preliminary hearing can afford a defendant an adequate opportunity to confront witnesses against him pursuant to *Crawford*." 125 Nev. 328, 337, 213 P.3d 476, 482 (2009). "The adequacy of the opportunity to confront will be decided on a case-by-

 

case basis, turning upon the discovery available to the defendant at the time and the manner in which the magistrate judge allows the cross-examination to proceed." *Id.* Applying that test to the facts in *Chavez*, in which a victim of sexual assaults died after testifying at a preliminary hearing but before trial, we noted that "nearly all the discovery was complete" at the time of the hearing, "and the magistrate judge allowed Chavez unrestricted opportunity to confront [the witness] on all the pertinent issues." *Id.* at 341, 213 P.3d at 485-86. We therefore concluded that admitting the witness's testimony at trial did not violate Chavez's Confrontation Clause rights. *See id.* at 341-42, 213 P.3d at 486.

The tragic facts of this case are similar to those in *Chavez*. When C.J. testified against Baker at the preliminary hearing, discovery was nearly complete. Baker had transcripts of C.J.'s statements to law enforcement, a copy of the Declaration of Arrest, the crime report, the victim's mother's handwritten voluntary statement, and the detective's case report. In sum, the discovery was sufficient for Baker to have cross-examined C.J. *See Estes v. State*, 122 Nev. 1123, 1140, 146 P.3d 1114, 1126 (2006) ("As [the defendant] obtained the police report during discovery, he had the opportunity to cross-examine [the victim] on the report's contents . . . .").

The sole relevant difference between this case and *Chavez* is that Baker chose not to cross-examine the witness who testified against him at the preliminary hearing. He was not *denied* an opportunity to do so; there is nothing in the record to suggest that the court impeded or discouraged cross-examination. We see no reason to differentiate between a defendant who cross-examines a witness at the preliminary hearing—like

the defendant in *Chavez*—and a defendant, like Baker, who chooses not to. "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Chavez*, 125 Nev. at 338, 213 P.3d at 483 (internal quotation marks omitted); *see also Hinojos-Mendoza v. People*, 169 P.3d 662, 668 (Colo. 2007) ("[W]here a defendant chooses not to take advantage of the opportunity to cross-examine a witness, the defendant has not been denied his constitutional right to confrontation."); *Clark v. State*, 808 N.E.2d 1183, 1189-90 (Ind. 2004) ("[A]lthough the accused must have an opportunity to cross-examine the witness during the face-to-face confrontation, the opportunity does not have to be seized or successful . . . ." (internal quotation marks omitted)); *State v. Nelson*, 725 P.2d 1353, 1357 (Utah 1986) ("It is the opportunity to cross-examine that is guaranteed by the state and federal constitutions, not whether that opportunity is exercised.").

We recognize that this court has previously indicated that three conditions must be met before testimony from a preliminary hearing may be used at a criminal trial: "first, that the defendant was represented by counsel at the preliminary hearing; second, that counsel cross-examined the witness; third, that the witness is shown to be actually unavailable at the time of trial." *Hernandez v. State*, 124 Nev. 639, 645, 188 P.3d 1126, 1130 (2008) (quoting *Drummond v. State*, 86 Nev. 4, 7, 462 P.2d 1012, 1014 (1970)); *see also Grant v. State*, 117 Nev. 427, 432, 24 P.3d 761, 764 (2001); *Funches v. State*, 113 Nev. 916, 920, 944 P.2d 775, 777-78 (1997); *Aesoph v. State*, 102 Nev. 316, 320, 721 P.2d 379, 381-82 (1986). All of these cases derive from *Drummond*, in which we tried to reconcile dicta from two United

States Supreme Court cases decided in the 1960s. 86 Nev. at 7, 462 P.2d at 1014. But neither *Drummond* nor the cases cited above addressed the issue of whether an opportunity to cross-examine suffices when no actual cross-examination occurred. *See Grant*, 117 Nev. at 432 n.5, 24 P.3d at 764 n.5 ("[W]hether mere opportunity is sufficient has not been addressed since in most cases, the witness was actually cross-examined."). Therefore, because those cases did not turn on whether an opportunity to cross-examine is sufficient for confrontation purposes, statements addressing that issue are noncontrolling dicta. *See Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (declining to apply the doctrine of stare decisis to statements from a prior opinion that "went beyond answering the limited question that was before the court"). We see no reason to adhere to that dicta when the Supreme Court has since clarified that prior testimony from a witness unavailable at trial is admissible as long as the defendant had "a prior *opportunity* for cross-examination."[1] *Crawford*, 541 U.S. at 68 (emphasis added).

Our holding today is a straightforward application of *Chavez*: when deciding whether a preliminary hearing afforded a defendant "an adequate opportunity to confront witnesses against him," key factors include the amount of discovery available to the defendant at the time of

---

[1]We do not disturb the remaining two conditions set forth in *Drummond*. The first condition—that the defendant be represented by counsel at the preliminary hearing—is consistent with *Chavez* in that an unrepresented defendant is unlikely to have had "an adequate opportunity to confront witnesses against him." 125 Nev. at 337, 213 P.3d at 482. The third condition—that the witness be unavailable at the time of trial—is mandated by statute. NRS 51.325(1).

Supreme Court
of
Nevada

(O) 1947A

7

the hearing and the extent to which the "judge allowed the defendant a thorough opportunity to cross-examine the witness." *Chavez*, 125 Nev. at 337, 339, 213 P.3d at 482, 484. Today we hold that, when a defendant declines an opportunity to cross-examine a witness at a preliminary hearing, the defendant was not denied "a thorough opportunity to cross-examine." *Id.* at 339, 213 P.3d at 484. Because the justice court offered Baker an opportunity to cross-examine C.J., and Baker possessed all discovery relevant to her testimony, Baker had "an adequate opportunity to confront" C.J. at the preliminary hearing such that admitting her testimony at trial does not violate his Sixth Amendment rights. *Id.* at 342, 213 P.3d at 486. In denying the State's motion to admit C.J.'s testimony on Sixth Amendment grounds, the district court misapplied *Chavez* and, in so doing, manifestly abused its discretion. *See Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780.

## *CONCLUSION*

The Confrontation Clause guarantees defendants an opportunity to cross-examine witnesses who testify against them. It does not give defendants a sword to strike adverse testimony that the defendant chose not to contest. Baker received ample discovery at the time of the preliminary hearing, and he was not denied an opportunity to cross-examine C.J. Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to

SUPREME COURT
OF
NEVADA

(O) 1947A

vacate its order denying the State's motion to admit C.J.'s testimony and enter an order consistent with this opinion.[2]

_____, J.
Stiglich

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____

[2]Having resolved this writ petition, we lift the stay entered on December 1, 2016.