# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SALVADOR MIRANDA-CRUZ, A/K/A SALVADOR MIRANDACRUZ, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 70960 |

**FILED**

DEC 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

A jury convicted Salvador Miranda-Cruz of two counts of child abuse, neglect, or endangerment for leaving two children in his vehicle while visiting an adult boutique store after midnight. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Because the cumulative effect of the errors at Miranda-Cruz's trial denied him the right to a fair trial, we reverse his convictions.

*The admission of Mykkyla Beloat's preliminary hearing transcript violated Miranda-Cruz's constitutional right to confront the witnesses against him*

The Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had . . . a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). For testimony from a preliminary hearing to be admitted at trial, the defendant must have been represented by counsel at the preliminary hearing, he must have had the opportunity to cross-examine the witness, and the witness must be unavailable for the trial. *State v. Eighth Judicial Dist. Court (Baker)*, 134 Nev., Adv. Op. 13, 412 P.3d 18, 22 (2018). Miranda-Cruz argues that the district court should not have admitted the preliminary hearing transcript of Beloat's testimony because she was only

18-910770

temporarily unavailable due to pregnancy and the State should have agreed to his stipulation to continue the trial to allow her to testify.[1] We agree.

The constitution requires the State to make "reasonable efforts to procure a witness's attendance at trial before that witness may be declared unavailable." *Hernandez v. State*, 124 Nev. 639, 645, 188 P.3d 1126, 1131 (2008), *abrogated on other grounds by Baker*, 134 Nev., Adv. Op. 13, 412 P.3d at 22. The sufficiency of the State's efforts to produce a witness at trial is governed by the "good faith efforts" test. *Ohio v. Roberts*, 448 U.S. 56, 74-77 (1980), *abrogated on other grounds by Crawford*, 541 U.S. at 60-68. This constitutional "availability inquiry . . . turns on whether the proponent of the former testimony acted in good faith and made a reasonable effort to bring the declarant into court." *United States v. Johnson*, 108 F.3d 919, 922 (8th Cir. 1997). The requirement of good faith "applies to all cases of unavailability where there is some possibility that the witness may be produced." *Commonwealth v. Housewright*, 25 N.E.3d 273, 283 (Mass. 2015).

The State did not make a good faith effort to secure Beloat's presence at trial, nor did the district court find that the State made a good faith effort. The district court admitted the preliminary hearing transcript, at least in part, for efficiency purposes because the State requested

---

[1]We reject the State's implication that Miranda-Cruz forfeited this argument by later stipulating that Beloat was unavailable. *After* the district court ruled to admit the preliminary hearing transcript, Miranda-Cruz sought to prevent the State's investigator from explaining to the jury that Beloat was absent because she was nine months pregnant and having contractions by stipulating for the jury that Beloat was unavailable. The district court allowed the investigator's testimony anyway, and Miranda-Cruz renewed his objection to the admission of the preliminary hearing transcript.

admission on the eve of trial. But the State knew, for almost a month before trial, about the likely conflict between the scheduled trial date and Beloat's pregnancy. Instead of informing Miranda-Cruz or the court of the conflict, the State announced itself ready for trial at calendar call. Had the State notified the court or Miranda-Cruz of Beloat's pregnancy, the parties could have maintained the same trial date and made other arrangements to preserve Miranda-Cruz's confrontation rights. *See, e.g., Housewright*, 25 N.E.3d at 282 ("If the witness is unavailable, a deposition may be admissible in evidence and, especially if videotaped, may be the best alternative to the witness being at trial."); NRS 174.228(3) (allowing videotaped depositions under specified conditions). Or, as Miranda-Cruz stipulated once the conflict became known, the trial date could have been continued to allow Beloat to be present.

By admitting Beloat's preliminary hearing testimony without finding that the State made reasonable efforts to produce Beloat at trial, and despite Miranda-Cruz's stipulation to continue the trial, the district court abused its discretion and violated Miranda-Cruz's constitutional right to confront the witnesses against him. *See Hernandez*, 124 Nev. at 652, 188 P.3d at 1135 (reversing a conviction where the State only made "minimal efforts" to procure the witness's attendance at trial); *State v. Clonts*, 802 S.E.2d 531, 553 (N.C. Ct. App. 2017) (recognizing that "[t]he common thread justifying entry of prior recorded testimony is that the witness is *either demonstrably unavailable for trial, or there is no evidence to support a finding that, with a good-faith effort by the State, the witness may be made available at some reasonable time in the future*"). Further, the State's motion to admit the preliminary hearing transcript was procedurally late and without the necessary affidavit showing good cause for the untimely

(O) 1947A

motion. *See* EDCR 3.20(a) ("The court will only consider late motions based upon an affidavit demonstrating good cause . . . ."); *Hernandez*, 124 Nev. at 648-49, 188 P.3d at 1133 ("[T]o establish good cause for making an untimely motion to admit preliminary hearing testimony, the State must provide an affidavit or sworn testimony regarding its efforts to procure the witness prior to the pretrial motion deadline."). We need not address whether admission of the preliminary hearing transcript is reversible error by itself, given that there were other errors at Miranda-Cruz's trial which, when considered together, require reversal.

*The district court failed to swear the venire as required by NRS 16.030(5)*

The district court improperly asked four questions of the venire before administering to them an oath or affirmation. *See* NRS 16.030(5) ("Before persons whose names have been drawn are examined as to their qualifications to serve as jurors, the judge or the judge's clerk shall administer an oath or affirmation . . . ."). When objected to, failure to swear the venire is structural error requiring reversal. *Barral v. State*, 131 Nev. 520, 525, 353 P.3d 1197, 1200 (2015). *But see Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 48 (2018) ("The failure to preserve an error, even an error that has been deemed structural, forfeits the right to assert it on appeal."). Though Miranda-Cruz raised this issue for the first time on appeal, the district court plainly erred by conducting an examination of the jurors before administering an oath or affirmation as required by NRS 16.030(5) and *Barral*.

*The district court failed to admonish the venire entering the first break of trial as required by NRS 175.401*

The district court did not adequately admonish the venire before its first recess. At the first break for lunch, the district court simply said, "Don't talk about anything you've heard in this courtroom about the

case. You haven't heard anything about the case." *See* NRS 175.401.[2] While Miranda-Cruz did not object at trial, *see Bollinger v. State*, 111 Nev. 1110, 1114, 901 P.2d 671, 674 (1995) (upholding a conviction when the defendant made "no attempt to show prejudice" from the failure to admonish); *see also Blake v. State*, 121 Nev. 779, 798, 121 P.3d 567, 579 (2005) (upholding a conviction where the district court failed to give the full admonishment six times because there was no evidence to suggest the defendant was prejudiced), the district court plainly erred by not properly admonishing the jury under subsections 2 and 3 of NRS 175.401. *See Blake*, 121 Nev. at 798, 121 P.3d at 579 (stressing "the importance of fully admonishing the jury before each and every recess in accordance with the mandatory provisions of NRS 175.401").

---

[2]NRS 175.401 reads in full:

> At each adjournment of the court, whether the jurors are permitted to separate or depart for home overnight, or are kept in charge of officers, they must be admonished by the judge or another officer of the court that it is their duty not to:
>
> 1. Converse among themselves or with anyone else on any subject connected with the trial;
>
> 2. Read, watch or listen to any report of or commentary on the trial or any person connected with the trial by any medium of information, including without limitation newspapers, television and radio; or
>
> 3. If they have not been charged, form or express any opinion on any subject connected with the trial until the cause is finally submitted to them.

*The district court failed to administer an oath to the child victim as required by NRS 50.035*

The district court did not administer the same oath to M.A.—one of the children left in the vehicle who was ten years old at the time of trial—as it did to the other witnesses at trial. The district court asked M.A. her name and age, where she went to school, what grade she was in, and her favorite part of school. The district court twice asked M.A. if she would tell the truth, to which M.A. responded, "Yes."[3] Miranda-Cruz did not object at trial, but argues on appeal that the district court failed to administer an appropriate oath or affirmation to M.A. before she testified. We agree that

---

[3]The court and M.A. had the following exchange:

Q    You know how to – you know what the difference between telling the truth and telling a lie?

A    [No audible response – nods head yes].

Q    Will you tell the truth today?

A    Yes.

Q    You know what this lady is taking down everything we say. She can't take down this [nods head], okay? So you have to speak out.

A    Okay.

Q    Okay. If I told you that was green, would that be a truth or a lie?

A    A lie.

Q    What color is it?

A    Purple.

Q    And you'll tell the truth today?

A    Yes.

(Brackets in original).

SUPREME COURT
OF
NEVADA

(O) 1947A

6

the district court's questioning of M.A. did not amount to an oath or affirmation as required by NRS 50.035.

"Before testifying, every witness shall be required to declare that he or she will testify truthfully, by oath or affirmation administered in a form calculated to awaken his or her conscience and impress his or her mind with the duty to do so." NRS 50.035(1). A particular form of the oath or affirmation is not mandated by statute, but the statute provides an example of a sufficient affirmation. *See* NRS 50.035(2) ("You do solemnly affirm that the evidence you shall give in this issue (or matter), pending between ................ and ................, shall be the truth, the whole truth, and nothing but the truth."). When the witness is a child, however, a standard oath or affirmation might not be appropriate because its formality could be meaningless to the child. *See, e.g., State v. Avila*, 899 P.2d 11, 15 (Wash. Ct. App. 1995) ("Where the witness is a child, a trial court does not abuse its discretion in declining to administer a formal oath.").

Still, NRS 50.035 requires not only that the witness promise to tell the truth, but that the administration of the oath "awaken [the] conscience and impress [the] mind with the duty to" tell the truth. Absent from the district court's questioning of M.A. is any discussion that it is wrong to tell a lie or that there are consequences for telling a lie in court. *See State v. Ponteras*, 351 P.2d 1097, 1100-01 (Haw. 1960) (holding that where the child witness "understood she was bound to tell the truth and *would be subject to punishment if she did not*, the requirements of the statute respecting the affirmation or declaration were, for all practical purposes, fulfilled") (emphasis added); *Larsen v. State*, 686 P.2d 583, 587 (Wyo. 1984) (holding that the lack of a formal oath before testimony was not plain error where the child witness "was questioned concerning his

Supreme Court
OF
Nevada

(O) 1947A

7

understanding of 'truth' *and his perceptions of the punishment incurred for lying*") (emphasis added). Thus, the district court abused its discretion by failing to comply with NRS 50.035.

*The cumulative effect of the errors at Miranda-Cruz's trial require reversal*

"The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002). "Relevant factors to consider in evaluating a claim of cumulative error are (1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000).

*Gravity of the crime*

The State charged Miranda-Cruz with a serious crime under the circumstances. Child abuse, neglect, or endangerment is a grave offense for a parent and Miranda-Cruz received concurrent 28 to 72 month sentences for the category B felonies.

*Quantity and character of the errors*

The four errors set forth in this order are significant abdications of rudimentary functions of a trial court. The district court, seeking efficiency, admitted preliminary hearing testimony over valid objections that the motion was untimely, that the State filed the motion without a necessary affidavit, and that the witness could be made available by continuing the trial date. The district court did not properly administer an oath to the venire members before voir dire, which, when properly objected to, we have deemed is a structural error requiring reversal. *See Barral*, 131 Nev. at 525, 353 P.3d at 1200. The district court also failed to fully admonish the jurors before the first break at trial as plainly required by NRS 175.401. Finally, the district court failed to administer an oath to the

Supreme Court
of
Nevada

(O) 1947A

8

10-year-old child victim before she testified. *See* NRS 50.035. While each individual error may have been harmless or did not affect Miranda-Cruz's substantial rights by itself, the district court's disregard of procedural rules, two of which are of constitutional dimension, raises serious concerns about the fairness of Miranda-Cruz's trial.

### Closeness of guilt

While we reject Miranda-Cruz's argument that the evidence was insufficient to establish child abuse, neglect, or endangerment, we recognize the room for reasonable minds to disagree as to guilt. The State prosecuted Miranda-Cruz for leaving his children in the car under a theory of negligent treatment of a child that did not actually, but may have, resulted in physical pain or mental suffering. The State sought to prove that, by leaving M.A. and D.M. in the vehicle, Miranda-Cruz left them "without proper care, control or supervision," NRS 432B.140, such that they "may" have suffered "physical pain or mental suffering" as the result of the lack of proper care, control, or supervision, NRS 200.508(1).[4]

The Love Store's parking lot—dimly lit, near vagrant camps, and in one of the most high-crime areas of town—was a particularly dangerous place to leave two young children unattended for over 30 minutes. The children could have left the car (one actually did) and may have wandered into nearby traffic, or encountered ill-intentioned passersby.

---

[4]We do not consider Miranda-Cruz's argument, raised for the first time in his reply brief on appeal, that the statute's use of "may," which allowed the jury to speculate as to what could have happened to the children while left in the car, is unconstitutionally vague. *See Talancon v. State*, 102 Nev. 294, 302 n.4, 721 P.2d 764, 769 n.4 (1986) ("[A]n appellant is not permitted to raise an issue on appeal for the first time in his or her reply brief. . . .").

*People v. Jordan*, 843 N.E.2d 870, 879 (Ill. 2006) ("A young child unattended in a public setting is easy prey for social predators who may happen by."); *N.J. Div. of Child Prot. & Permanency v. J.D.*, 148 A.3d 128, 137 (N.J. Super. Ct. App. Div. 2016) (noting there would have been a tragically different outcome if an ill-intentioned stranger confronted the child instead of a stranger with good intentions). And even though the temperature that night may have been moderate as a factual matter, all of the witnesses perceived that it was a cold and windy November night. Looking at the evidence in the light most favorable to the prosecution, the jury could have considered that D.M. may have been colder due to her dirty diaper and throw up, and M.A. testified herself that it was cold and a police officer's testimony confirmed that M.A. was upset. *See Hannon v. Commonwealth*, 803 S.E.2d 355, 356, 359 (Va. Ct. App. 2017) (noting there "was nothing extreme or dangerous about the temperature" when it was 48 degrees and the children said they were "OK"). The weather conditions alone would likely not sustain Miranda-Cruz's conviction but they must be considered with the dangerous character of the neighborhood and the considerable length of time the children were left in the car. *See Jordan*, 843 N.E.2d at 880 ("It should also be obvious that the more populated the environment, and the longer time the child is left alone, the greater exposure to that danger.").

Considering the length of time M.A. and D.M. sat unsupervised in the vehicle, the dangerous neighborhood in which they were, and the cool weather conditions, a rational juror could find Miranda-Cruz guilty of child abuse, neglect, or endangerment under NRS 200.508. *See Rimer v. State*, 131 Nev. 307, 324, 351 P.3d 697, 710 (2015) (holding that there was sufficient evidence to support a conviction when "a 'rational trier of fact

could have found the essential elements of the crime[s] beyond a reasonable doubt.'") (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). That being said, we think that the issue of whether Miranda-Cruz is guilty of category B felonies for leaving the children unattended in his car is close under these circumstances. *See* NRS 202.485 (making it a misdemeanor to leave a child seven or younger unattended in a vehicle under certain circumstances).

Miranda-Cruz was charged with a serious crime given his conduct, there were four significant errors in his trial, and the issue of his guilt was close. Taken together, the errors at Miranda-Cruz's trial denied him the right to a fair trial. *See Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:   Hon. Douglas Smith, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A