# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRANDY STUTZMAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 73112 |
| BRANDY STUTZMAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 75054 |

FILED

MAR 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with use of a deadly weapon and burglary while in possession of a deadly weapon (Docket No. 73112), and a district court order denying a motion for a new trial (Docket No. 75054). Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Brandy Stutzman raises the following arguments in support of overturning her convictions and in support of a new trial. For the reasons explained below, we affirm the judgment of conviction and the denial of Brandy's request for a new trial.

*Brandy has not established that the State Committed a* Brady *violation*

Brandy contends that Jeremiah Merriweather's trial testimony was different from his voluntary statements to the police, in that he testified at trial that two other individuals drove him to Joe Stutzman's house, whereas in his voluntary statement, he stated that he had acted alone in

19-13906

killing Mr. Stutzman. Brandy contends that if the State had made her aware of this anticipated different trial testimony, she could have more effectively cross-examined Merriweather and other witnesses regarding her relationship with Merriweather and his corresponding motive for killing Mr. Stutzman. According to Brandy, the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose Merriweather's anticipated trial testimony, and the district court consequently should have granted her request for a mistrial or her request for a new trial.

We disagree. *Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000) (reviewing de novo whether the State adequately disclosed *Brady* material). A *Brady* claim has three components: (1) the State withholds evidence; (2) the evidence is favorable to the accused; and (3) the evidence is material, i.e., "there is a reasonable probability that the result would have been different if the evidence had been disclosed." *Id.* Assuming the State withheld Merriweather's trial testimony and that the testimony was favorable to Brandy, we are not persuaded that the different testimony was material. As a threshold matter, we find it unpersuasive that Brandy was completely blindsided by the trial testimony in light of her own statement to the police in which she acknowledged having discussed a plan to kill Mr. Stutzman that involved people other than Merriweather. Regardless, Brandy was able to and *did* cross-examine Merriweather and other witnesses regarding her relationship with Merriweather and Merriweather's corresponding motive for killing Mr. Stutzman. Accordingly, we are not persuaded that "there is a reasonable probability that the result would have been different if [Merriweather's anticipated trial testimony] had been disclosed [ahead of trial]" and Brandy had been

able to more vigorously cross-examine Merriweather and other witnesses on these issues.[1] *Id.*

Brandy also contends that the State violated *Brady* when it failed to disclose that it had no evidentiary basis to support the robbery charge against her, in that a videogame system previously suspected as having been stolen was not actually stolen. Although the State dropped this charge during the jury selection portion of trial, Brandy appears to be contending that she could have impeached the investigators who testified at trial regarding the overall thoroughness of their investigation if she had known earlier that the videogame system was not stolen. However, Brandy knew there was no evidence to support the robbery charge before any witness testified, so she had the ability to cross-examine the testifying officers regarding any perceived relevance pertaining to the videogame system that was not actually stolen. Thus, similar to Merriweather's trial testimony, we are not persuaded that "there is a reasonable probability that the result would have been different" if the State had disclosed that the videogame system had not been stolen earlier than when it made that disclosure. *Id.* The district court was therefore within its discretion in rejecting Brandy's *Brady* arguments as a basis for granting her requests for a mistrial or new trial. *Ledbetter v. State*, 122 Nev. 252, 264, 129 P.3d 671, 680 (2006) ("The decision to deny a motion for a mistrial rests within the district court's discretion . . . ."); *Walker v. State*, 113 Nev. 853, 873, 944

---

[1]Similarly, we disagree with Brandy's argument regarding Merriweather's testimony about scaling a wall, as Brandy impeached Merriweather regarding his inconsistent testimony and she has not explained what additional impeachment she could have undertaken on this issue if she knew about Merriweather's testimony before he gave it at trial.

(O) 1947A

P.2d 762, 775 (1997) (reviewing for an abuse of discretion a district court's denial of a request for a new trial).

*Brandy's Confrontation Clause rights were not violated when Eric Best's preliminary hearing testimony was admitted at trial*

Brandy contends that her Confrontation Clause rights were violated when, over her objection, the district court permitted Eric Best's preliminary hearing testimony to be read at trial without Brandy being able to cross-examine him at trial. Brandy acknowledges that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *State v. Eighth Judicial Dist. Court (Baker)*, 134 Nev., Adv. Op. 13, 412 P.3d 18, 21-22 (2018) (alteration omitted) (quoting *Chavez v. State*, 125 Nev. 328, 338, 213 P.3d 476, 483 (2009)). Brandy also acknowledges "that a preliminary hearing can afford a defendant an adequate opportunity to confront witnesses against him." *Chavez*, 125 Nev. at 337, 213 P.3d at 482. However, Brandy contends that under the facts of this case, she was not afforded an adequate opportunity to cross-examine Best at her preliminary hearing.

In particular, Brandy contends that because the transcript of Best's police statement was not available at the time of the preliminary hearing, she was unable to cross-examine him on three issues. We find these arguments unpersuasive. *Id.* at 339, 213 P.3d at 484 (reviewing de novo whether a defendant's Confrontation Clause rights have been violated). With respect to the first issue, although Brandy contends that Best provided a different explanation of who Merriweather and Rob Geroe wanted to kill, we conclude that these different explanations were a matter of semantics and did not necessarily indicate that Best made inconsistent

statements. With respect to the second issue, although Mr. Stutzman's body was not actually disposed of in the desert consistent with how Best told police the murder plan was supposed to be carried out, we are not persuaded that cross-examining Best on why the plan was not fully carried out would have meaningfully affected his credibility. Similarly with respect to the third issue, we are not persuaded that cross-examining Best about "the unusually friendly circumstances of" his joint police interview would have affected his credibility, particularly when Best and his then-wife proactively sought out the police to provide them with information. Thus, although Brandy was not able to cross-examine Best on these issues at the preliminary hearing, we nevertheless conclude that Brandy's inability to do so did not deprive her of an opportunity for effective cross-examination. *Baker*, 134 Nev., Adv. Op. 13, 412 P.3d at 21-22; *Chavez*, 125 Nev. at 337, 213 P.3d at 482.

Brandy also contends that because she and Merriweather were codefendants at the time of the preliminary hearing, she could not ask Best questions that might incriminate Merriweather because if she had done so, she would have increased the risk of Merriweather pleading guilty and testifying against her. This contention is overly speculative because even if Brandy had been able to ask Best the questions she has identified without increasing the risk of Merriweather pleading guilty, those questions would not have shifted the blame away from her in any meaningful sense. Accordingly, we conclude that there was no Confrontation Clause violation when the district court permitted Best's preliminary hearing testimony to



(O) 1947A

be introduced at trial.[2] *Chavez*, 125 Nev. at 339, 213 P.3d at 484.

*The district court's refusal to admit Merriweather's voluntary statements to establish the truthfulness of the matters stated therein was erroneous, but the error was harmless*

At trial, Brandy sought to admit Merriweather's voluntary statements to the police—wherein he explained that Brandy had no involvement in the killing—for the truth of the matters asserted. Although the district court denied Brandy's request to introduce the voluntary statements to establish the truthfulness of the matters asserted therein, the district court did allow Brandy to use the statements for impeachment purposes.

On appeal, Brandy contends that the district court erred in this respect. We agree, as NRS 51.035(2)(a) permits a declarant's prior statement to be admitted for the truth of the matter asserted when the declarant later testifies at trial, is subject to cross-examination regarding the statement, and the previous statement is inconsistent with the declarant's trial testimony, all of which were satisfied here with respect to Merriweather. *Stephans v. State*, 127 Nev. 712, 716, 262 P.3d 727, 730 (2011) ("[T]o the extent the evidentiary ruling rests on a legal interpretation of the evidence code, de novo review obtains."). Nor do we understand the

---

[2]Brandy argues for the first time on appeal that Best's preliminary hearing testimony was inadmissible under NRS 51.325. We are not persuaded that the district court committed plain error by failing to sua sponte address NRS 51.325's potential applicability. *Cf. Martinorellan v. State*, 131 Nev. 43, 49, 343 P.3d 590, 593 (2015) ("To amount to plain error, the error must be so unmistakable that it is apparent from a casual inspection of the record." (internal quotation marks omitted)).

State's argument that "because Merriweather admitted that he lied, there was no prior inconsistent statement."

Nevertheless, we conclude that failing to admit Merriweather's prior inconsistent statements for the truth of the matters asserted therein constituted harmless error. *Knipes v. State*, 124 Nev. 927, 935, 192 P.3d 1178, 1183 (2008) ("[N]onconstitutional trial error . . . is analyzed under NRS 178.598, which provides that [a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. Since NRS 178.598 is identical to the federal harmless-error statute, we follow the federal test . . . for harmlessness based on whether it had substantial and injurious effect or influence in determining the jury's verdict." (second alteration in original) (footnotes omitted) (internal quotation marks omitted)). Most notably, and despite the district court having prohibited admission of Merriweather's statements for their truthfulness, Brandy was permitted to ask the following questions to the jury during her closing argument regarding the effect of Merriweather's voluntary statements:

> What does Merriweather say? *In November of 2010, Brandy knows nothing and did nothing. That's what he told the cops.* Didn't have a plan, she didn't know I was going to do this, I did it, didn't know anything about it. *This week, in this trial, he said that he did it for Brandy. First time he's ever said it. That's a fact.* First time in any memorialized statement he's ever[ ] told anybody is during this trial that he did it for Brandy as part of a plan.
>
> Isn't it just as likely that there wasn't a plan at all?
>
> . . . .



They give him that deal in exchange for an agreement that he come make that testimony. *Remember I told you the truth doesn't change? There's one truth. You don't tell one story, two story, three story until you get out of jail. There's one truth.*

*The only thing that changed more than this man's appearance in the last seven years – six years is his stories.* They change every time it's advantageous to him.

. . . .

You can consider the fact that he was given this inducement, this deal to provide his testimony. The truth never changes. *The truth is the same in 2010 as it is in 2017, and it does not change between direct and cross-examination.*

. . . .

But what do we know? *He's unequivocally a liar. How do we know? November 7th of 2010, he told you, I lied. He lied to the police at that time.* He's told three different stories, at least, that we're aware of. He's willing to lie.

*On November 8th of 2010, he tells a story that's consistent with the evidence,* and then he changes it when he testifies here at trial because he knows what the State of Nevada wants him to say, he knows what they want to hear.

(Emphases added.)

The above questions and accompanying commentary demonstrate that Brandy was able to effectively convey her opinion of how the jury should perceive Merriweather's voluntary statements. The questions and commentary also demonstrate the virtually indistinguishable

line between the jury considering Merriweather's statements for impeachment purposes only and the jury considering his statements for their truthfulness. Accordingly, while the district court erred in not admitting his statements for the latter purpose, we are not persuaded that this error could have "had substantial and injurious effect or influence in determining the jury's verdict."[3] *Knipes*, 124 Nev. at 935, 192 P.3d at 1183 (internal quotation marks omitted). Accordingly, we

ORDER the judgment of conviction and order denying a new trial AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Michael Villani, District Judge
       Hofland & Tomsheck
       Law Office of Lisa Rasmussen
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]As this was the only trial error, Brandy's argument regarding cumulative error necessarily fails. *McKenna v. State*, 114 Nev. 1044, 1060, 968 P.2d 739, 749 (1998) (observing that a single error "does not, by itself, constitute cumulative error").